DEPARTMENT OF the NAVY, et al.,
Petitioners/Cross–Respondents,

v.

FEDERAL LABOR RELATIONS AU-
THORITY,
Respondent/Cross–Petitioner.

Portsmouth Federal Employees Metal
Trades Council, AFL–CIO,
Intervenor.

No. 86–1506.

United States Court of Appeals,
First Circuit.

Dec. 3, 1986.

Decided Dec. 30, 1987.

Mark B. Stern, Dept. of Justice, with whom William Kanter, Dept. of Justice, and Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., were on brief for petitioners/cross-respondents.

William E. Persina, Deputy Sol., with whom Ruth E. Peters, Sol., Arthur A. Horowitz, Associate Sol., and Elsa D. Newman, Washington, D.C., were on brief for respondent/cross-petitioner.

Ellen C. Boardman with whom Sally M. Tedrow, Nicholas R. Femia and O'Donoghue & O'Donoghue, Washington, D.C., were on brief for intervenor.

Thomas A. Woodley, Gregory K. McGillivary, Edward J. Hickey, Jr., General Counsel, and Mulholland & Hickey, Washington, D.C., on brief for Public Employee Dept., AFL–CIO, amicus curiae.

Mark D. Roth, General Counsel, Charles A. Hobbie, Deputy General Counsel, and Robert S. Trotner, Staff Counsel, Washington, D.C., on brief for American Federation of Government Employees, AFL–CIO, amicus curiae.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

This matter is before us on a petition for enforcement of mandate filed by the Department of the Navy and Portsmouth Naval Shipyard (petitioners), in which they allege non-compliance by the Federal Labor Relations Authority (FLRA) with the mandate issued by this court in *Dept. of Navy v. Federal Labor Relations Authority*, 815 F.2d 797 (1st Cir.1987) (*Portsmouth I*). We agree with petitioners that there has been non-compliance by the FLRA with our mandate, and issue a writ of mandamus to correct this abuse of discretion.

We need not recount in detail the controversy decided in *Portsmouth I.* For present purposes we shall only state the basic premises upon which we denied enforcement of the unfair labor practice order of the FLRA holding petitioners in violation of an arbitrator's award, and whereupon we granted petitioner's cross-appeal. First, we concluded that the FLRA erred because the arbitration award upon which the FLRA's order was based was not self-executing, and failed to establish measurable standards against which to determine whether there was compliance by petitioners with the award. *Id.* at 805. And second, we ruled that the FLRA had impermissibly "rewritten the collective bargaining agreement" in deciding that employees were not required to follow the procedures established in Article 20, § 3 of the agreement for the purpose of proving claims to environmental differential pay (EDP). *Id.* at 806.

Stated otherwise, we concluded that the arbitrator's award constituted a general declaration of the right to EDP under given circumstances, *i.e.*, a determination of liability. Whether *individual* employees were entitled to such pay, we ruled, was to be determined by the procedure agreed by the parties pursuant to the collective bargaining agreement, *i.e.*, Article 20, § 3. *Id.* We thus intended that following our decision, individual claims would be filed by employees who deemed themselves entitled to EDP. Such a procedure appears to us to be implicit from a reading of our decision. ("As to any ambiguity in the implementation of the award, the parties should resort to the negotiated grievance procedure, *see* Article 20, § 3, to determine compliance with its terms, and the method for the distribution of EDP to those employees affected." *Id.*).

The FLRA thought otherwise. It issued a Decision In Remand ordering the administrative law judge (ALJ) to order the parties to seek a "clarification and interpretation of the award" from the arbitrator as to various matters. The parties were ordered to inquire whether it "[w]as ... [the arbitrator's] intention that the award ... be the direct source for ... environmental differential pay (EDP) on and after July 28, 1983, or merely the standard under which such claims by individual employees would be resolved in accordance with the established procedures for individual employees claiming entitlement to EDP?" [1] Thereafter the ALJ ordered the parties to seek said "clarification and interpretation."

Petitioner seeks mandamus directing the FLRA "to dismiss its unfair labor practice proceedings and to permit the parties to resolve issues of implementation and compliance with the arbitrator's award and payment of EDP through the negotiated grievance procedure." The FLRA opposes the petition on both jurisdictional and substantive grounds. Although we discuss the jurisdictional question first, under the present circumstances, both the jurisdictional and substantive issues are inexorably intertwined.

1. The other question as to which "clarification" was ordered was:

> 2. In your award you concluded that "[t]here is room for corrective action to remove potential sources of airborne asbestos fibers on submarines" and you provided 'examples'. You also stated that you did not propose 'an impossible burden of cleanliness, but rather measures designed to substantially reduce but not eliminate risk.' What type and amount of corrective actions undertaken by the Shipyard were intended to be sufficient to comply with the direction in your award 'to take corrective action.'? [sic] How, in your view, is compliance with this standard to be measured?

This issue is intimately related to the first question and is within the scope of our decision in *Portsmouth I.* Our present decision on the first "clarification" issue is thus equally applicable to this second question. We note further, that it is substantially the same question as was submitted for clarification by the parties to the arbitrator in *Portsmouth I. Id.* at 802. Exceptions to those clarifications were rejected by the FLRA as untimely. *Id.* at 802–3. On that occasion the FLRA ruled that it lacked jurisdiction to hear these late exceptions, a ruling which we upheld. *Id.* at 803. By now ordering the "clarification" of the second question, the FLRA is attempting an end run of its own previous jurisdictional decision. More importantly, it is undercutting a ruling of this court, upholding the FLRA, induced by the FLRA's holding. Institutional credibility requires a higher standard of action from the FLRA.

*Mandamus jurisdiction to enforce an appellate mandate*

■ The FLRA claims that "the appropriate course for [petitioner] to follow should it disagree with the [FLRA's] ultimate resolution of this case ... is to petition this Court for review and follow the normal appellate procedure." It is the FLRA's position that mandamus is only appropriate if there are "no other adequate means to obtain the relief" desired, *see Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980), and where the lower court or agency has "violated a non-discretionary command or so abused [its] discretion" that its action constitutes a disregard of the court's mandate. *Oswald v. McGarr,* 620 F.2d 1190, 1196 (7th Cir.1980). This, of course, is a correct statement of the law, and it is precisely for these reasons that we agree with petitioner.

■ We know of no *adequate* means to correct the present misapplication or non-compliance with our mandate other than through the use of our mandamus power. *See City of Cleveland v. Federal Power Commission,* 561 F.2d 344, 346–47 (D.C. Cir.1977). *See also Potomac Electric Power Co. v. Interstate Commerce Commission,* 702 F.2d 1026, 1032 (D.C.Cir.1983); *American Trucking Ass'n v. Interstate Commerce Commission,* 669 F.2d 957, 960–61 (5th Cir.1982), *cert. denied,* 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 493 (1983). Requiring petitioner to participate in the relitigation of issues already decided at both administrative and appellate levels prior to challenging such unprecedented actions, can hardly be called an *adequate* means of correcting non-compliance with a mandate of this court. Such a result would reward bureaucratic misconduct and encourage judicial anarchy.

The court in *City of Cleveland, supra,* a case involving the scope of the administrative investigation compelled by an earlier appellate decision, in issuing a writ of mandamus ruled that:

> [t]he decision of a federal appellate court establishes the law binding further action in the litigation by another body

subject to its authority. The latter "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case," and the higher tribunal is amply armed to rectify any deviation through the process of mandamus.

*Id.* at 346 (footnote omitted). We thus pass on to discuss the FLRA's action in more detail because the determination of the nature of its actions is relevant not only to the merits of petitioner's claim, but also to the jurisdictional issue raised by the FLRA.

*The FLRA's order*

The FLRA's order clearly contravenes our mandate. First of all it overlooks the substance of the matters considered on appeal, which was two-pronged. It involved *cross-appeals* in which, on the one hand, the FLRA sought enforcement of an unfair labor practice finding based upon alleged non-compliance by petitioners with an arbitration award, and on the other hand, an appeal by petitioners in which they sought not only a determination that they had complied, or were willing to comply, with the arbitration award, but also a ruling that the FLRA (including the ALJ) had gone beyond the arbitrator's decision and the collective bargaining agreement in enforcing the award.

We denied the FLRA's petition for enforcement and stated that the ALJ had "exercise[d] ... unbridled authority" and "severely distorted the essence of the award" upon which the unfair labor practice finding was based. *Portsmouth I,* 815 F.2d at 805. Although we did not, in specific language, order the dismissal of the unfair labor practice charges, in view of the undermining of its basis, dismissal of the charges upon remand was clearly indicated. This is further emphasized when we consider our additional ruling that "the FLRA seeks to enforce a decision by the ALJ which allows the ALJ unbridled discretion in the interpretation of the arbitration award, misinterprets and misconstrues the award and the collective bargaining contract upon which it is based, and attempts to ignore specific provisions of that agree-

ment." *Id.* at 806. To this we add that the case was *"remanded to the FLRA for proceedings consistent with this opinion." Id.* (emphasis in the original).

By our refusal to enforce the FLRA's order, we manifestly *adjudicated* that *no* unfair labor practice was committed by petitioner. Yet the FLRA audaciously claims an open license to continue its ill-fated search for an unfair labor practice. We have already rejected the exercise of such unbridled power by the FLRA in this case. *Portsmouth I, supra.*

Passing on to the second prong of the actions of this court in *Portsmouth I,* our ruling on the cross-appeal by petitioner, makes the FLRA's post-mandate action ordering the parties to submit the controversy to the arbitrator for further interpretation, particularly offensive to our previous adjudication. In this respect we indicated that the employees affected were to determine compliance with the terms of the arbitration award by "resort[ing] to the negotiated grievance procedure [established in] Article 20, § 3." *Id.* Instead, the FLRA ordered the parties to return to arbitration,[2] to seek a "second opinion" on what has already been decided against it by this court. By this procedure the FLRA is asking the arbitrator, through the parties, to determine whether our interpretation of the award in *Portsmouth I* was correct. We cannot countenance such conduct, as review from the decisions of this court is only appropriate before the Supreme Court. The actions of the FLRA are unequivocally foreclosed by our ruling on the merits of *Portsmouth I.* Petitioners are entitled to immediate relief to prevent further litigation of matters already put to rest by this court.

We conclude that the actions ordered by the FLRA in its Decision in Remand constitute a misapplication of, or non-compliance

with, our mandate in *Portsmouth I,* and that a writ of mandamus shall issue to correct this abuse of power. It is further ordered that, consistent with this opinion, the FLRA shall dismiss the unfair labor practice charges in this case against petitioners. Lastly, individual employees with claims for EDP shall be entitled to file the same pursuant to Article 20, § 3 of the collective bargaining agreement.[3]

*A writ of mandamus shall issue.*

---

**2.** A procedure which is not contemplated by the collective bargaining agreement and is another example of the freewheeling brand of industrial justice which we condemned in *Portsmouth I. Id.* at 806. *See United Steelworkers of Am. v. Enterprise W. & C. Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

**3.** To avoid any further unnecessary proceedings, it should be made clear that no employee waiver under 5 U.S.C. § 7116(d) is involved in this case. The employee claims that may be made under Article 20, § 3 are *individual* claims based on the declaratory ruling brought by the union, and are thus, technically, different proceedings from those in this case.